IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Duren, #181965, ) | C/A No.: 1:16-3756-MBS-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden McFadden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

David Duren ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without requiring respondent to file an answer.

I.      Factual and Procedural Background

Petitioner alleges he appeared in the Sumter County Court of General Sessions in May 2015, where he was convicted of burglary 2nd and sentenced to life in prison. [ECF No. 1-3 at 1]. Petitioner does not provide the appellate or post-conviction history for his sentence and conviction or state his grounds for relief and the facts supporting such

---

[1] Petitioner marked through portions of the form § 2254 petition, replacing "§ 2254" with "writ of error," and adding § 1983. [ECF No. 1-3 at 1]. Petitioner also crossed out "Petitioner" in the caption and added "parties listed in case 8:16-cv-3328 et al," and replaced "Respondent" with "defendants Judge Robert E. Hood et al in expanded cases." *Id.* Because Petitioner seeks to have his sentence and conviction vacated, the court continues to analyze his petition under § 2254.

grounds. *See* ECF No. 1-3. Instead, Petitioner appears to attack this court's decisions in the following Civil Action Nos: 8:14-cv-3555-RBH-JDA, 4:16-cv-2939-MBS-TER, 4:16-cv-3101-MBS-TER, 0:16-cv-922, 4:16-cv-3807-MBS-TER, 8:16-cv-3194-RBH-JDA, 8:16-cv-3327-RBH-JDA, and 8:16-cv-3328-RBH-TER. *Id.* at 2–39.[2] Petitioner also requests the court to reinstate Lawrence L. Crawford's cases; consolidate the instant case with others; remove state cases into the instant action; disqualify several state and federal court judges; transfer the instant action and other cases in this court to New Jersey; and transfer Plaintiff and his property to a prerelease camp. *Id.* Petitioner seeks to have his conviction and sentenced vacated and his name and DNA removed "from all derogatory files." *Id.* at 37.

II.  Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with

---

[2] The undersigned notes that at least one other case in the district is derived from a nearly-identical petition as in the instant case and others appear very similar. *See, e.g.*, *Cook v. McFadden*, C/A No. 1:16-3853-RMG-SVH; *Mitchell v. McFadden*, C/A No. 5:17-105-BHH-KDW; and *Bellamy v. McFadden*, C/A No. 4:16-3807-RMG.

liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

The petition is subject to summary dismissal because Petitioner's allegations are vague and conclusory in violation of Rule 2(c) of the Rules Governing Habeas Corpus Cases. A habeas petitioner is required to specify all the grounds for relief available to the petitioner and state the facts supporting each ground. *See Mayle v. Felix*, 545 U.S. 644, 655–56 (2005) ("Habeas Corpus Rule 2(c) is more demanding" than the pleading requirement for ordinary civil proceedings and requires petitioners to "plead with particularity [] to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'").

In spite of this court's order instructing Plaintiff to properly complete the court's form § 2254 [ECF No. 4], Petitioner failed to answer the majority of the questions in the petition. Petitioner did not provide responses for the sections requesting the appellate and

post-conviction history of Petitioner's case or the grounds and facts supporting Petitioner's claims for relief. Instead, Petitioner used the space provided on the § 2254 form to type a complaint about other matters previously decided by this court, attempting to incorporate these earlier pleadings into his present action. Pursuant to Section 2254 Cases 2(c), a petitioner is required to specify his grounds for relief and set out the facts the petitioner claims support each ground. The court will not search for facts in briefs or other documents. *See Dinkins v. Charoen Pokphand USA, Inc*., 133 F. Supp. 2d 1254, 1261 (D. Ala. 2001) (noting a lawsuit should not be a "game of hunt the peanut"); *Hinton v. TransUnion, LLC*, 654 F. Supp. 2d 440, 446–47 (E.D. Va. 2009) (finding excessive incorporation by reference in a pleading creates unnecessary confusion); *see also Teti v. Bender,* 507 F.3d 50, 60 (1st Cir. 2007) ("A habeas proceeding is not a fishing expedition."). Because Petitioner has failed to comply with the court's order and to provide information sufficient to ascertain the grounds he is pursing in his habeas petition, the petition should be summarily dismissed. *See Peyatt v. Holland*, No. 85-6488, 1987 WL 35854 (4th Cir. Feb. 4, 1987) (affirming district court's dismissal of a habeas petition without prejudice for petitioner's failure to comply with an order directing completion of the petition as required by Rule 2(c)); *Bryant v. Cartlege*, C/A No. 8:13-316-RMG, 2014 WL 108354, at *2 (D.S.C. Jan. 9, 2014) (dismissing habeas ground which was "impermissibly vague" under Rule 2(c)) (citing *Mayle*, 545 U.S. at 649).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this petition without prejudice and without requiring respondent to file a return.[3]

IT IS SO RECOMMENDED.

February 28, 2017                                       Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] To the extent Petitioner may also seek to bring claims via a writ of error, i.e., a writ of coram nobis, such relief is not available because this court did not sentence Petitioner. *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) (finding "coram nobis cannot issue" to set aside state court convictions). To the extent Petitioner seeks to bring claims pursuant to 42 U.S.C. § 1983, he may not present such claims in a habeas action to avoid paying the $350 filing fee. *See Altizer v. Dir., Virginia Dep't of Corr.*, No. 7:12-CV-00360, 2012 WL 4619264, at *1 (W.D. Va. Oct. 1, 2012).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).