IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Duren, #181965, | ) |
| | ) C/A No. 1:16-3756-MBS |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Warden McFadden, | ) |
| | ) |
| Respondent. | ) |

Petitioner David Duren is an inmate in custody of the South Carolina Department of Corrections. Petitioner, proceeding pro se and in forma pauperis, brings this action pursuant to 28 U.S.C. § 2254, alleging that he is being detained unlawfully.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge reviewed the § 2254 petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court ("§ 2254 Rules"), the Anti-Terrorism and Effective Death Penalty Act of 1996, and other precedents. The Magistrate Judge issued a Report and Recommendation on February 28, 2017. The Magistrate Judge determined that the claims contained in the § 2254 petition are vague and conclusory, in violation of Rule 2(c) of the § 2254 Rules, and that a number of Petitioner's allegations revisit issues already decided by this court. Accordingly the Magistrate Judge recommended that Petitioner's § 2254 petition be summarily dismissed without prejudice and without requiring Respondent to file a return. Despite being granted an extension of time, Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice and without requiring Respondent to file a return.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons

set forth hereinabove. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 8, 2017

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**